**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**CASE NO:**

DAVID ULERY, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.

GQ SOLUTIONS, LLC,

    Defendants.
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID ULERY (hereinafter "Plaintiff"), brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant, GQ SOLUTIONS, LLC ("GQ" or "Defendant"), for its violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including for playing prerecorded messages during autodialed calls to Plaintiff and others, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. In the course of promoting and selling its services, Defendant and/or its agents placed thousands of nonconsensual automated or prerecorded calls to consumers' telephone numbers nationwide using an automatic telephone dialing system in violation of the TCPA.

3. Plaintiff and each Class Member received unwanted telephone robocalls from Defendant without proper regard to the TCPA, the Do-Not-Call Rules, and in disregard for individual privacy. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry. This lawsuit challenges all calls that were sent by Defendants to Plaintiff and Class Members from approximately June 2018, through the date of preliminary approval of class certification.

4. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

5. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

---

[1]. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

6. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

7. In enacting the TCPA, Congress intended to give consumers a choice as to how companies may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

8. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## **JURISDICTION AND VENUE**

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff in this District.

11. Plaintiff resides in Colorado Springs, Colorado, where the subject robo-calls were received, within the jurisdiction of this Honorable Court.

12. The Court has personal jurisdiction over Defendant because it conducts business in this state, market its services within this state, solicits consumer to purchase its products and services in this state, and has availed itself o the jurisdiction of this state by placing calls to Plaintiff and Class Members in this state.

## PARTIES

13. Plaintiff's domicile is in Colorado Springs, Colorado.

14. Defendant GQ is a California company with its principal office located at 2091 Business Center Dr # 200, Santa Ana, CA 92612. GQ lists its registered agent as Registered Agents of California located at 1401 21st Street STE R, Sacramento, CA, 95811.

15. GQ is an auto warranty company and/or a marketer or seller of auto warranties. GQ spams callers with unsolicited robo-calls to generate leads.

16. GQ is located in the United States. GQ attempts to conceal its identity as the source of the calls it places from the public. GQ does business under the fictitious name Vehicle Activation Center.

17. GQ uses a common business practice of spamming consumers with unsolicited robo-calls in an attempt to sell them auto warranty or vehicle service contracts.

18. Defendant promotes and markets its services and products by authorizing calls to wireless phone users in violation of the TPCA

19. Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## **FACTUAL ALLEGATIONS**

20. Defendant engages in the marketing, promotion, and sale, of auto warranty or vehicle service contracts to consumers across the country.

21. Defendant, either directly or through authorized lead generators, sales agents, vendors, and/or contractors promote its products through the use of unlawful telemarketing campaigns.

22. To increase the sales volume and profits of its products and services, Defendant and/or its authorized agents repeatedly called thousands of consumers using a prerecorded and/or artificial voice in violation of the TCPA.

23. Plaintiff knows the calls were prerecorded and/or used an artificial voice because the nature of the voice "script" was clearly a recording.

24. The prerecorded robocalls sounded the same and had the same or substantially similar message or "script."

25. All of the calls used the following script:

> "So if you are interested in renewing your auto warranty now, please press 5 now or press 9 to be removed from our list. Hi, this is Suzie calling with the vehicle service department. We are calling about your vehicles manufacturer's warranty. We sent you several notices in the mail that you have yet to extend your warranty pass the factory cut off, and this is a courtesy call to renew your warranty before we close the file."

26. Each of the calls received by Plaintiff were from a different spoofed number, but they all played the same initial pre-recorded voice from "Suzie.".

27. Plaintiff received at least 4 pre-recorded robo-calls from GQ, including on June 25, 2021, July 19, 2021, September 1, 2021, and October 1, 2021.

28. Plaintiff received these calls to his number ending in 8181 that has been on the national Do-Not-Call Registry since September 6, 2011.

29. Upon information and belief, the telemarketing robocalls were made using an Automatic Telephone Dialing system ("ATDS").

30. The impersonal and generic nature of the prerecorded and artificial voice that Defendants sent to Plaintiff demonstrates that Defendant used an ATDS to send the subject calls.

31. Through the above unsolicited phone calls, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an ATDS, as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

32. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

34. In other words, no human physically dialed each digit of Plaintiff's and Class Members' telephone numbers – the calls were made using equipment with the capacity to dial many phone numbers in a short period of time, without human intervention.

35. Upon information and belief, Defendants used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

36. Defendants utilized the ATDS to send the subject phone calls *en masse* to Plaintiff and Class Members using an autodial function regardless of whether these individuals had provided express written consent or had registered their phone numbers on the National Do Not Call Registry.

37. Based upon information and belief, most call recipients were sent more than one call, and Defendants lack an adequate system for preventing autodialed or prerecorded-voice calls to phones for which they do not have consent.

38. The content of the phone calls (selling auto warranties) made to Plaintiff and the Class Members show that they were for marketing purposes and thus required Plaintiff's prior express written consent.

39. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Plaintiff did not provide Defendant or its agents prior consent to receive these calls to his cellular telephone; therefore, the unsolicited calls violated 47 U.S.C. § 227(b)(1).

42. The calls made to Plaintiff and the Class Members were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff.

43. Defendant is and was aware or should have known through the exercise of reasonable diligence that it was placing unsolicited calls to Plaintiff and other consumers without their prior consent.

44. Upon information and belief, Defendant has previously received consumer complaints regarding the same unlawful conduct alleged in this Complaint yet Defendant continues to engage in the same unlawful conduct.

45. Plaintiff was damaged by Defendants' calls. In addition to using Plaintiff's cellular data, phone storage, and battery life, his privacy was wrongfully invaded, his seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted, harassing, time consuming, and nuisance phone calls, forcing his to divert attention away from his personal time and homelife, and causing disruption to his work, sleep, and other activities. Not only did the receipt of the phone calls distract and take time away from Plaintiff's personal activities, but Plaintiff was also forced to spend time investigating the calls. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury… is enough for standing purposes");*See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls)

46. Plaintiff wasted time investigating the source of the company responsible for the unwanted, illegal and unauthorized calls to Plaintiff. But for Plaintiff's efforts, Defendant's identity would continue to be concealed.

47. Plaintiff had no relationship with Defendant prior to these illegal phone calls and had his number registered to the National Do Not Call Registry at least 30 days prior to receiving these illegal calls.

## LIABILITY FOR CALLS PLACED BY THIRD PARTIES

48. To the extent Defendant outsourced its robocalling, it is still liable for calls that violate the TCPA.

49. Defendant is liable for third-parties' actions if it took steps to cause the calls to be made, or if the calls were made pursuant to Defendant's actual authority, apparent authority and/or ratification, or pursuant to joint enterprise or acting in concert liability.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **Robocall Class:** All persons in the United States who, within the four (4) years prior to the filing of the original Complaint received a call from Defendant or anyone on Defendant's behalf, to said person's telephone number, advertising Defendant's products or services, using an artificial or prerecorded voice or similar dialing system used to call Plaintiff, without the recipients' prior express written consent, in violation of the TCPA.
>
> **Do Not Call Registry Class:** All people in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendants; (2)

more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants' claim (a) they did not obtain prior express written consent, or (b) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff.

51. Excluded from the Classes is Defendant, and any subsidiary or affiliate of Defendants, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

52. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

53. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized marketing phone calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

54. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call and personnel records.

55. Members of the Classes may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

56. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   1. Whether Plaintiff and Class Members registered a phone number on the National Do Not Call Registry;

   2. Whether, during the class period Defendant or its agents called (other than a phone call made for emergency purposes or made with the prior consent of the called party) to a Class member using any automatic dialing to any cellular telephone number;

   3. Whether, during the class period Defendant or its agents called (other than a phone call made for emergency purposes or made with the prior consent of the called party) to a Class member using a prerecorded message or artificial voice.

4. Whether Defendants had "prior express consent" under the TCPA to call the phone numbers of Plaintiff Class Members;

5. Whether Defendant instituted procedures for maintaining a list of persons who request not to receive telemarketing calls that met the standards set forth in 47 C.F.R. § 64.1200(d);

6. How Defendant obtained the phone numbers of Plaintiff and Class members;

7. Whether Defendant engaged in telemarketing content when it made the calls which are the subject of this lawsuit;

8. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

9. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

10. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

11. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct; and

12. Whether Plaintiff and the Class are entitled to any other relief.

57. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

58. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Classes. The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

59. Plaintiff and members of the Do-Not-Call-Registry Class each received more than one phone call within a 12-month time period, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

60. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

61. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court

system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

62. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Robocall Class)**

63. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 62 above as though fully stated herein.

64. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

65. Automatic telephone dialing system refers to "equipment which has the capacity--

-(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

66.     Defendant – or third parties directed or authorized by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

67.     Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

68.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

69.     Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

70.     Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3).

71.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

72.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff

and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.     At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

74.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

75.     Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed pre-recorded calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

76.     Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using an ATDS, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

77.     As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

78.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class Members relief against Defendant as set forth in the Prayer for Relief below.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

79. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 62 of this Complaint as though fully stated herein.

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

81. 47 C.F.R. § 64.1200(e), provides that 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

82. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

84. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do No Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.  As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

86. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant as set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

1. An order certifying this case as a class action, certifying Plaintiff as representative of the Classes, and designating Plaintiff's counsel as Class counsel;

2. Statutory damages of $500 per call in violation of the TCPA;

3. Willful damages at $1,500 per call in violation of the TCPA;

4. Statutory damages of $500 per call in violation of the DNC provisions of the TCPA;

5. Willful damages at $1,500 per call in violation of the DNC provisions of the TCPA;

6. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

7. An injunction prohibiting Defendant from calling any individual whose number appears on the National Do Not Call Registry;

8. Reasonable attorney's fees and costs; and

9. Such further and other relief as this Court deems reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DAVID ULERY, demands a trial by jury on all appropriate claims.

**Dated: June 27, 2022**                                       Respectfully Submitted,

| | |
|---|---|
| **EGGNATZ \| PASCUCCI** | **JORDAN RICHARDS, PLLC** |
| 7450 Griffin Road, Suite 230 | 1800 Southeast 10th Ave., Suite 205 |
| Davie, Florida 33314 | Fort Lauderdale, Florida 33316 |
| Tel: (954) 889-3359 | Tel: (954) 871-0050 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| | |
| By: */s/ Joshua H. Eggnatz* | By: */s/ Jordan Richards* |
| JOSHUA H. EGGNATZ, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. 006726 | Florida Bar No. 108372 |
| *JEggnatz@JusticeEarned.com* | *Jordan@jordanrichardspllc.com* |