IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–01581–PAB–MDB

DAVID ULERY, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

GQ SOLUTIONS, LLC,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Class Certification and Damages Related Discovery from GQ Solutions, LLC. (["Motion"] Doc. No. 11.) Defendant has not appeared in the case and has not responded to the Motion. After review, the Court recommends **GRANTING** the Motion.[1]

Plaintiff brings this action against Defendant, GQ Solutions, LLC, for alleged violations of the Telephone Consumer Protection Act ["TCPA"]. 47 U.S.C. § 227; (Doc. No. 1.) Plaintiff also purports to bring this action on behalf of a putative class of similarly situated persons. (*Id.*) Plaintiff alleges that Defendant "systematically sent unsolicited pre-recorded calls to Plaintiff

---

[1] Although this appears to be a simple request for discovery in some respects, Plaintiff also seeks an order stating that the court expressly retains jurisdiction over the case, and he requests permission to seek a final default judgment at a later date. For these reasons, and out of an abundance of caution, the Court issues its decision as a recommendation rather than an order.

and Class members which violate the TCPA." (*Id.* at 2.) Plaintiff seeks damages under the TCPA and declaratory and injunctive relief. (*Id.* at 18–19.) Defendant has not appeared in this action. Accordingly, Plaintiff moved for entry of default. (Doc. No. 7.) The Clerk entered default against Defendant on August 2, 2022. (Doc. No. 9.)

In the Motion, Plaintiff seeks leave to conduct class certification and damages-related discovery from Defendant and third parties to the extent necessary. (Doc. No. 11.) Plaintiff also asks that the court permit him to seek a final default judgment against Defendant on behalf of himself and the class, if any, after the court's ruling on class certification, and Plaintiff further asks the court to reserve jurisdiction over the matter with regard to damages. (*Id.*)

***Class-related Discovery***

Plaintiff contends that the putative class consists of members who were unlawfully targeted by Defendant's un-solicited prerecorded calls. (*Id.* at 2.) Plaintiff believes the class will consist of hundreds or thousands of members. (*Id.*) According to Plaintiff, discovery is necessary to obtain factual evidence to satisfy the elements of class certification under FRCP 23. (*Id.* at 2–5.) The Court agrees.

A plaintiff seeking to certify a class must establish the prerequisites set forth in Federal Rule of Civil Procedure 23: (1) the class is so numerous that joinder is impracticable; (2) there are common questions of law or fact to all class members; (3) the claims or defenses of the class representative are typical of the class; and (4) the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These elements must be satisfied even if a defendant fails to appear and defend an action. *See Leider v. Ralfe*, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, 2003 WL 22339305

(S.D.N.Y. Oct. 10, 2003) ("[T]he default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify the class" (quotation omitted)). Plaintiff contends that "while elements two (2) through four (4) can largely be met based on Plaintiff's uncontested allegations and the face of the subject unlawful calls, factual evidence on the numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages." (Doc. No. 11 at 4.) The Court agrees with Plaintiff that identifying the scope of the potential class requires some discovery. The Court also notes that discovery could help the court reach a decision on other elements, should Plaintiff seek to have a class certified. "It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [the defendant's] failure to participate in the case." *Leo v. Classmoney.net*, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019); *see also Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828 (W.D. Mo. Dec. 14, 2018) (allowing the plaintiff to conduct discovery and obtain support for his motion for class certification after defendant failed to make an appearance in a TCPA action); *Eder v. Home Improvements Inc.*, 2020 WL 6870851 (M.D. Fla. October 2, 2022) (allowing the same). Thus, the Court recommends granting Plaintiff leave to conduct discovery concerning prerequisites for class certification under FRCP 23.

### *Damages-related Discovery*

Plaintiff also contends that he should be permitted to conduct discovery relating to damages—and that the Court should reserve jurisdiction on damages—to prevent Defendant from reaping an unjust benefit by refusing to participate in this litigation. (*Id.* at 5.) In cases where default has been entered by the Clerk, courts routinely grant a plaintiff's request to conduct damages-related discovery. *See Alstom Power Inc. v. Graham*, 2016 WL 354754, at *3

3

(E.D. Va. Jan. 27, 2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages" after an entry of default and prior to a motion for default judgment); *see also Cranor*, 2018 WL 11437828, at *2 (allowing the plaintiff to conduct discovery related to class certification *and* damages prior to filing a motion for default judgment). The Court sees no reason to depart from that precedent in this case. Moreover, Plaintiff's request for damages discovery is closely tied to Plaintiff's request for class certification discovery, which the Court has already found is appropriate.

Plaintiff also requests an order stating that the court retains jurisdiction over the issue of damages and that he will be permitted to seek a final default judgment against Defendant upon completion of discovery and a ruling regarding class certification. The Court does not believe these issues are in doubt and therefore does not see a need to grant or deny these requests. Conducting limited discovery on the issue of damages and class certification does not prejudice Plaintiff's ability to file a motion for default judgment nor does it affect the court's jurisdiction over the issue of damages. Plaintiff can simply address the issue of default judgment if and when the time comes.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Conduct Class Certification and Damages Related Discovery Form GQ Solutions, LLC (Doc. No. 11) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 7th day of December, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge